UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HAMILCAR BARCA

                Plaintiff(s)           Civil Action No.: 24-3151

-against-                         **COMPLAINT IN A CIVIL ACTION**

DETECTIVE JUDITH MORENO
AND THE CITY OF NEW YORK
                Defendant(s)

HAMILCAR BARCA, by his undersigned attorneys, Law Office of Michael H. Joseph, PLLC, as for his complaint against the defendants states:

## JURISDICTION

1. This Court has original jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1983, 42 U.S.C. § 1988, and supplemental jurisdiction under 28 U.S.C. § 1367.

2. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURY TRIAL DEMANDED

3. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## VENUE

4. Venue properly lies in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

5. At all relevant times herein, plaintiff, Hamilcar Barca, (Hereinafter "Plaintiff") was and is a resident of the State of New York, County of Kings.

6. At all relevant times herein, Defendant Judith Moreno was and is a resident of the State of New York, County of Kings.

7. At all relevant times herein, City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Between June 21, 2021 and August 9, 2023 and at all times relevant herein, Judith Moreno was a duly sworn police officer employed by the City of New York.

9. Between June 21, 2021 and August 9, 2023 and at all times relevant herein, Judith Moreno was acting under the color of law and acting in the course and scope of her employment with the City of New York.

**COUNT I:   VIOLATIONS OF 42 USC § 1983 BASED ON MALICIOUS PROSECUTION**

10. Plaintiff repeats, reiterates, and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length.

11. On or about June 21, 2021 at approximately 9:20 am Plaintiff was arrested based upon certain false allegations made by Vashanti Price, (Hereinafter "the complainant").

12. On June 14, 2021, the complainant made a false allegation to the officers employed by the New York City Police Department, that following a verbal altercation, the Plaintiff, who was her boyfriend, strangled and punched her.

13. On or about June 14, 2021, after interviewing the complainant, members of the New York City Police Department, documented that the complainant had made inconsistent allegations and documented that there were two different versions to her story, in that she claimed to have been strangled by the Plaintiff, but denied any neck or throat pain or that

she had any difficulty breathing, however on June 14, 2021, the complainant did not make any claim that she had been raped, sexually assaulted or was sexually trafficked by the Plaintiff.

14. On June 14, 2021, a detective Justyna Maksimiuk, prepared a felony complaint against the Plaintiff based upon the allegations which the complainant had made, for charges of assault, strangulation, criminal obstruction of breathing, attempted assault, menacing and harassment, but there were no charges of rape, prostitution or sexual trafficking lodged against the Plaintiff.

15. After her initial complaint, on June 15, 2021, the complaint spoke with Defendant Moreno, and even though she made no initial allegation that she was raped or prostituted the day prior, on June 15, 2021, she now told Defendant Moreno that the Plaintiff had forced her to engage in sexual relations with him and had forced her to engage in prostitution on multiple occasions between June 6, 2021 through June 13, 2021.

16. At all times relevant herein, Defendant Judith Moreno was the lead detective assigned to the investigation into the complainant's allegations against the Plaintiff.

17. The claim that the complainant had been raped by Plaintiff and forced to engage in prostitution by the Plaintiff, or that she had engaged in prosecution at all between June 6, 2021 and June 13, 2021, was highly suspicious because (i) on June 9 2021 and June 10, 2021, the complainant, as a result of an incident with a family member, was hospitalized and specifically denied to the hospital staff that she had ever been a victim of sex trafficking and there were no indications that she had engaged in any type of prostitution or sexual abuse, (ii) on June 12, 2021, members of the New York City Police Department, based upon a call from the complainant's foster mother who reported a

concern that the complainant may have been held against her will by Plaintiff, came to the Plaintiff's home and interviewed the complainant, who outside of the Plaintiff's presence, advised the officers that she was fine, was not being held against her will, was at the Plaintiff's home based upon her own choice, and made no disclosure of any sexual abuse, rape or prostitution.

18. On June 12, 2021, the members of the New York City Police Department, who interviewed the Plaintiff and the complainant found no basis to believe that any criminal activity was underway, or that the complainant was being prostituted or otherwise was in danger.

19. On June 14, 2021, to create a false impression that the Plaintiff had a guilty mindset and to unfairly implicate the Plaintiff, Defendant Judy Moreno, created police paperwork, which she knew would be forwarded to prosecutors, in which she stated that she reviewed the body cam footage of the police interaction on June 12, 2021, with the Plaintiff and the complainant and that the Plaintiff appeared nervous and defensive, when in fact, the Plaintiff was fully cooperative with the officers and allowed them inside of his home to speak with the complainant, while he remained outside.

20. Prior to June 14, 2021, the Complainant had a history of making false allegations that she had either been raped, prostituted or the victim of sexual abuse, in that the New York City Police Department had records that she made allegations which were determined to be either false or unsubstantiated in May, 2016, October, 2018, and November 2019.

21. In November, 2019, Judith Moreno was part of the team that investigated the complainant's November 2019, false complaint which was made against the Plaintiff, as

such, Defendant Moreno had knowledge of the complainant's history of making false claims.

22. On or about June 14, 2021, or June 15, 2021, the complainant either texted or made social media postings in which she made threats against her own safety, and she provided said texts and/or postings to Defendant Moreno and falsely claimed that Plaintiff was the source of said texts or postings.

23. At all times relevant herein, Defendant Judith Moreno, was in possession of information that the complaint fabricated these texts or social media posts, because the posts/texts had an indication on them that they originated from a number which Defendant Moreno knew belonged to the complainant because she had used said number to communicate with the claimant.

24. Defendant Judith Moreno forwarded the posts to the prosecutor, to mislead the prosecutor into believing that Plaintiff or others on his behalf was actively threatening the complainant to dissuade her from pressing charges, while simultaneously omitting that the origin of the text/post was a phone number that actually belonged to the complainant.

25. On June 14, 2021, Defendant Moreno conducted a search to verify that either the Plaintiff or the complainant had made online advertisements for commercial sexual services, and the search revealed that there were no posting made by either the Plaintiff or the complainant which advertised for commercial sexual services.

26. On or about June 21, 2021, the complainant, despite having previously only reported that the Plaintiff hit her and prostituted other women, the complainant's story morphed and she at this point claimed that the Plaintiff caused her physical injuries, and forced her to

perform sexual intercourse against her will and forced her to engage in prostitution and collect proceeds.

27. As more fully set forth herein, defendant Judith Moreno was directly and actively involved in the continuation of criminal proceedings against Plaintiff.

28. On June 22, 2021 a felony complaint was filed against the Plaintiff, which accused him of Rape in the First Degree in violation of Penal Law 130.35, Criminal Sexual Act in the First Degree in violation of Penal Law 130.50, Sex Trafficking, in violation of Penal Law 230.34, Promoting Prostitution in the Second Degree in violation of Penal Law 230.34, Promoting Prostitution in the Third Degree in violation of Penal Law 230.25, Criminal Sexual Act in the Third Degree in violation of Penal Law 130.40, Assault in the Third Degree in Violation of Penal Law 120.00, Rape in the Third Degree in Violation of Penal Law 130.25, Promoting Prostitution in the Fourth Degree in violation of Penal Law 230.20 and Menacing in the Third Degree in Violation of Penal Law 120.15 (Hereinafter "the charges").

29. On June 22, 2021, Plaintiff was arraigned on charges of Sex Trafficking in violation of Penal Law § 230.34(5)(a), Promoting Prostitution in violation of Penal Law 230.25(1), Penal Law 230.25(2), Penal Law 230.20(1), Permitting Prostitution in violation of Penal Law 230.40, Rape in the First Degree in violation of 130.35 and Rape in the Third Degree in violation of 130.235, Criminal Sex Act in the First Degree in violation of Penal Law 130.40 and 130.50, Coercion in the Second Degree in violation of Penal Law § 135.61, Unlawful Imprisonment in violation of Penal Law § 135.05, Strangulation in the Second Degree in violation of Penal Law § 121.12, Criminal Obstruction of Breathing in violation of 121.11, Attempted Assault in the Third Degree in violation of Penal Law 110

and 120.00, which were filed as two separate actions, and Plaintiff was held on bail in the amount of Five Hundred Thousand Dollars ($500,000.00) Cash or Bond, for each action, which resulted in a total bail of One Million Dollars ($1,000,000).

30. On June 22, 2021, Plaintiff was unable to make bail and was incarcerated.

31. On June 23, 2021, the complainant committed perjury and falsely testified before the grand jury of Kings County, that Plaintiff had prostituted a girl named "Nicky", and that (i) in June, 2021, the Plaintiff drove the complainant and Nicky to a house in Brooklyn where Nicky performed oral and vaginal sex upon an unknown person for money and then gave the Plaintiff the money, (ii) that on an unspecified date in June, 2021, prior to June 14, 2021, the complainant returned to Plaintiff's home where Plaintiff asked the complainant to sleep with other men and when she refused he hit her, (iii) that on another occasion, prior to June 14, 2021, she performed oral sex upon an unspecified man at Plaintiff's request, (iv) that on another unspecified date in June, 2021, prior to June 14, 2021, Nicky had sexual relations at Plaintiff's home in exchange for money, which Nicky gave to the Plaintiff, (v) that the complainant at unspecified times in June 2021, prior to June 14, 2021, had sexual relations on four separate occasions with men for money and each time she gave the Plaintiff the money she received from the men, (vi) that if the complainant refused to have sexual relations with the Plaintiff and other men, the Plaintiff would hit her and deprive her of food, (vi) prior to June 14, 2021, Plaintiff forced the complainant to have sex with him or he would punish her, (vii) that Plaintiff took nude pictures of her and Nicky, and that Nicky uploaded the pictures to an unspecified website to advertise for prostitution and that (viii) Plaintiff would hit the complainant if she tried to leave his home or she refused to have sex with him (ix) that on

June 14, 2021 the complainant refused to have sex with other men for money and the Plaintiff slapped and choked and squeezed her neck in such a manner that she couldn't breathe.

32. On June 23, 2021, Defendant Judith Moreno testified before the grand jury and failed to disclose material facts, including that (i) the complainant had previously made false claims of sexual abuse, rape and being prostituted, (ii) that the complainant was hospitalized during the same time that she claimed to have been trafficked by the Plaintiff and she affirmatively denied to the hospital staff that she had ever been a sex trafficking victim, (iii) that the complainant was interviewed on June 12, 2021 at the Plaintiff's home and contrary to her grand jury testimony, told responding officers that she was fine and was at the Plaintiff's home as a result of her own free will and that she made no disclosure of any rape or sex trafficking (iv) that the complainant had fabricated false texts or social media posts to falsely implicate the Plaintiff in threatening her and (v) that a search of Plaintiff's phone and the complainant's phone, as well as an online database revealed that there was no evidence that Plaintiff or the complainant posted any advertisements on line for sexual services.

33. On or about July 2, 2021, the complainant sent a series of texts to Defendant Judith Moreno, that she had lied, and that she had made up the allegations against the Plaintiff.

34. On or about July 2, 2021, once the complainant admitted to Judith Moreno that she lied and fabricated the allegations against the Plaintiff, any probable cause to continue the prosecution vitiated.

35. Aside from the complainant's allegations, which she recanted and admitted that she fabricated on or about July 2, 2021, there was no independent probable cause to believe,

that Plaintiff committed any of the crimes for which he was charged or that a prosecution could succeed.

36. At all times relevant herein, the complainant's texts to Judith Moreno, in which she admitted that she had lied and made up the allegations against the Plaintiff were exculpatory and constituted Brady disclosure which Plaintiff and his criminal defense attorney were constitutionally entitled to discovery of.

37. After receiving the aforementioned text(s) from the complainant, the Defendant Judith Moreno failed to create any police paperwork which documented that the complainant had recanted her accusations and admitted that she lied, and further failed to advise the prosecutor of same.

38. The exculpatory evidence at all times relevant herein vitiated probable cause to believe that the Plaintiff had committed the crimes for which he had been charged and Defendant Judith Moreno at all times relevant herein, had a Brady, Rosario and Kyles duty to record and disclose same to the prosecutor.

39. Defendant Judith Moreno created police investigatory reports which falsely implicated the Plaintiff in the aforementioned crimes, while simultaneously failed to document the exculpatory information or otherwise make it known to the prosecutor.

40. After Defendant Judith Moreno failed to take action to have the charges against the Plaintiff dropped and have Plaintiff released from incarceration following the complainant's admission that she fabricated the allegations, the complainant made social media posts, which undermined the veracity of the allegations for which Plaintiff continued to be prosecuted.

41. These social media posts were exculpatory and favorable to the Plaintiff.

42. Rather than document that the complainant was posting social media posts that were inconsistent with the allegations and informing the prosecutor that the complaint was making social media posts that were exculpatory to the Plaintiff, the Defendant Judith Moreno directed the complainant to take down or remove the posts, and to refrain from making further posts, and in so doing, the Defendant Judith Moreno engaged in suppression of evidence and witness intimidation.

43. Defendant Judith Moreno failed to advise the prosecutor or otherwise document facts which would have vitiated probable cause.

44. By and through the foregoing defendant Judith Moreno breached her Brady, Kyles and Rosario duties.

45. Defendants withheld and suppressed the aforesaid evidence, which was exculpatory to cause Plaintiff to be prosecuted incarcerated unjustly for the aforesaid crimes, despite their knowledge that the Plaintiff was innocent and was willfully blind and dismissive of the exculpatory evidence.

46. At all times mentioned, herein defendants acted with malice in initiating and continuing the criminal proceedings against plaintiff.

47. Defendants with knowledge that the prosecutor was relying upon their veracity and relying upon them to provide a full and complete statement of the facts, to determine whether to initiate and continue the prosecution, forwarded the aforesaid police documents which failed to document the aforesaid exculpatory material which vitiated probable cause to believe that the Plaintiff had committed any such crime.

48. Between June 21, 2021 and August 9, 2023 Judith Moreno signed various investigative reports related to the investigation, and Plaintiff's prosecution and in doing so, represented that said reports were accurate and complete.

49. Judith Moreno at all times relevant knew that the paperwork, which she signed would be forwarded to the prosecutor's office.

50. Defendants at all times relevant knew that the prosecutor's office was relying upon the Defendants to provide and forward a true and complete investigation file, which made a full and complete disclosure of the circumstances.

51. Between June 21, 2021 and August 9, 2023 Judith Moreno intentionally suppressed, failed to document and withheld from the District Attorney's office, information that (i) that the Complainant texted Judith Moreno, and admitted that she fabricated the charges against the Plaintiff, (ii) that social media posts in which the complainant asserted that Plaintiff made treats against her were actually posted from a phone number which the Defendant knew actually belonged to the complainant, (iii) the complainant was actually hospitalized when she claimed that Plaintiff committed the criminal activity against her, (iv) that the complainant's story materially changed over time, (v) that the complainant admitted to hospital staff that she was not sexually trafficked and (vi) that the complainant was making social media posts, which were inconsistent with the allegation that she made against the Plaintiff.

52. At all relevant times herein, Defendant Judith Moreno by creating false paperwork and suppressing exculpatory statements, and by failing to make a full and complete statement of the facts to the prosecutor and the grand jury initiated and continued the prosecution.

53. Plaintiff was indicted upon the charges and on July 26, 2021, Plaintiff was arraigned on the indictment and at the request of the prosecutor the bail continued to be set at One Million Dollars and Zero Cents ($1,000,000.00).

54. The indictment was secured by perjury, and the suppression of facts which would have vitiated probable cause.

55. But for the aforementioned false, fabricated and perjured testimony there was no probable cause to believe that the Plaintiff had in any way committed acts for which he was ultimately indicted and prosecuted.

56. At all times relevant herein, no reasonable prosecutor would have continued to the prosecution against the Plaintiff, had they known that the complainant recanted her allegations.

57. At all times mentioned, herein there was a lack of probable cause to commence and continue criminal proceedings against plaintiff.

58. The aforementioned misconduct by the defendant and failure to make a full and complete disclosure of the facts known to the defendant, prevented the prosecutor from exercising independent judgment.

59. At all times relevant herein, Defendant Judith Moreno failed to inform the prosecutor of the complainant's recantation and of the other information known to them which provided reasons to doubt the veracity of the allegations against the Plaintiff because she desired to keep Plaintiff incarcerated out of spite and malice, to delay the ultimate resolution of the charges in Plaintiff's favor and to deny him the rights and privileges guaranteed by the U.S. Constitution and the Constitution of the State of New York.

60. Defendants continued criminal proceedings against plaintiff despite a lack of credible evidence against him, and notwithstanding their knowledge that said proceedings

would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

61. Plaintiff was unable to pay the bail, and as a result remained incarcerated on the charges until August 9, 2022, at which time, a third party posted bail for the Plaintiff and Plaintiff was released from incarceration.

62. The prosecution against the Plaintiff continued through August 9, 2023.

63. On August 9, 2023, the charges against the Plaintiff were dismissed against the Plaintiff.

64. The prosecution and all of the charges against the Plaintiff were resolved in the Plaintiff's favor.

65. Between June 21, 2021 and August 9, 2023 and at all times relevant herein, the aforesaid facts, all of which defendants were aware of, were reasons to doubt the veracity of the complainant.

66. Defendant Judith Moreno's suppression of exculpatory evidence and her continuation of the prosecution was done maliciously and for other reasons other than the pursuit of justice.

67. Defendants prosecuted, confined and caused Plaintiff to deprived of his freedom and liberty, all without a cause, excuse, or justification and without Plaintiff's consent.

68. Defendant Judith Moreno actions violated clearly established rights.

69. No reasonable officer in the position of Judith Moreno would have believed the actions of the Defendants herein were objectively reasonable.

70. Defendants' actions violated the Plaintiffs civil rights including but not limited to his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution including but not limited to the right to due process, the right not to be unreasonably seized, the right to a fair trial, right not to be prosecuted with the use of

fabricated evidence and/or perjurious testimony, the right not be arrested and imprisoned without probable case, the right of confrontation, and defendants further maliciously prosecuted Plaintiff, subjected him to abuse of process, denied him his due process, denied him a fair trial, unreasonably seized the Plaintiff and violated his civil and constitutional rights.

71. As a direct and proximate result of the foregoing acts committed by the Defendants, Plaintiff suffered severe emotional harm, great humiliation, ridicule, mental anguish, depression, mental shock, mental trauma, and pain and was caused to be deprived of his freedom.

72. As a direct and proximate result of the foregoing acts committed by the defendants, the Plaintiff was deprived of his liberty, he was incarcerated from June 21, 2021 through August 9, 2022 and was forced to endure the harassment, humiliations, hardships and inhumanities associated with prison life all of which was exclusively caused by the prosecution complained of herein.

73. Plaintiff suffered great humiliation, ridicule, and mental anguish, depression, mental shock, mental trauma, post traumatic stress disorder, emotional and mental suffering as a result of his unlawful prosecution, was forced to incur loss of wages and other pecuniary loss.

74. By and through the foregoing, the Defendant Judith Moreno maliciously prosecuted the Plaintiff.

75. That Defendants' actions violated Plaintiffs rights under the U.S. Constitution as well as the Constitution of the State of New York.

76. That Defendants' actions violated Plaintiffs rights under the U.S. Constitution as well as

the Constitution of the State of New York.

77. The aforementioned actions of the Defendants proximately caused Plaintiffs damages and injuries complained of herein.

78. At all times relevant Plaintiff had a right to be free from continued detention stemming from Defendants' concealment of exculpatory evidence and continued misrepresentation of fact and Defendants' actions violated that right.

79. Defendants' actions shocks the conscience.

80. Defendants' actions violated Plaintiff's rights under the Fourteenth and Fourth Amendments of the United States Constitution.

81. Defendants are liable to the Plaintiff under 42 USC § 1983.

### COUNT II: MALICIOUS PROSECUTION UNDER NEW YORK STATE LAW

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length

83. By and through the aforementioned allegations, Plaintiff was maliciously prosecuted by the Defendants.

84. Within ninety days after the occurrence complained of herein, Plaintiff served a verified notice of claim upon the City of New York based on the facts contained herein; more than 30 days have elapsed since the service of such notice and the City of New York has failed, neglected and refused to make adjustment or payment thereof; and, this action has been commenced within one year and ninety days after the happening of the events upon which these claims are based.

85. A statutory hearing has been held and all prerequisites to suit have been fulfilled.

86. City of New York is vicariously liable for the acts and omissions of Judith Moreno complained of herein, all of which were committed in the course and scope of employment based upon respondeat superior.

87. As a direct and proximate result of the foregoing acts committed by the Defendants, Plaintiff suffered severe emotional harm, great humiliation, ridicule, mental anguish, depression, mental shock, mental trauma, and pain and was caused to be deprived of his freedom and was caused to lose wages and to suffer other pecuniary damages.

88. The Defendants are jointly and severally liable to the harms caused to Plaintiff.

### COUNT III: FALSE IMPRISONMENT AND EXCESSIVE DETENTION UNDER 42 U.S.C. § 1983

89. Plaintiff repeats, reiterates, and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length.

90. By and through the foregoing, Defendant Judith Moreno caused Plaintiff to be incarcerated and confined without probable cause and without justification or privilege.

91. The aforesaid acts of concealment of exculpatory evidence including of the complainant's recantation and admission that she lied, and Defendant Judith Moreno's failure to make a full and complete statement of the facts caused Plaintiff to suffer excessive incarceration and detention in violation of his rights not to be subjected to prolonged detention

92. At all times relevant Plaintiff had a right to be free from continued detention stemming from Defendants' concealment of exculpatory evidence and continued misrepresentation of fact and Defendants' actions violated that right.

93. Defendants' actions shocks the conscience.

94. Defendants' actions violated Plaintiff's rights under the Fourteenth and Fourth Amendments of the United States Constitution.

**COUNT IV: DUE PROCESS VIOLATION UNDER 42 U.S.C. § 1983**

95. Plaintiff repeats, reiterates, and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length.

96. The aforementioned actions of Judith Moreno, in failing to document, forward to the prosecutor and inform the prosecutor that the complainant recanted her allegations and admitted that she lied and fabricated the accusations, were done with malice and to frame Plaintiff for crimes which he did not commit and to deny him the rights and privileges guaranteed by the U.S. Constitution and the Constitution of the State of New York and Defendants further violated Plaintiff's Brady rights to have exculpatory evidence disclosed.

97. Defendants' actions violated the Plaintiff's civil rights including but not limited to his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution including but not limited to the right to due process, the Brady right to have exculpatory evidence suppressed and withheld, the right not to be unreasonably seized, the right to a fair trial, right not to be prosecuted with the use of fabricated evidence, the right not have exculpatory evidence destroyed lost or withheld and/or perjurious testimony, the right not be prosecuted and imprisoned based upon the suppression of favorable evidence, the right of confrontation, and defendants further denied Plaintiff his due process, denied him a fair trial, unreasonably seized the Plaintiff and violated his civil and constitutional rights.

98. At all times relevant Plaintiff had a right to be free from continued detention stemming from Defendants' concealment of exculpatory evidence and continued misrepresentation of fact and Defendants' actions violated that right.

99. As a direct and proximate result of the foregoing acts committed by the defendants, the Plaintiff was deprived of his liberty and he was incarcerated from July 2, 2021 through August 9, 2022 and was forced to endure the harassment, humiliations, hardships and inhumanities associated with prison life all of which was exclusively caused by the prosecution complained of herein.

100. As a direct and proximate result of the Defendants' aforesaid actions, Plaintiff suffered great humiliation, ridicule, and mental anguish, depression, mental shock, mental trauma, emotional and mental suffering and lost wages and suffered other pecuniary losses as a result of the deprivation of his civil rights and liberties, his unlawful prosecution and incarceration in violation of his civil rights and liberties.

101. Defendants' actions shocks the conscience.

102. Defendants' actions violated the Plaintiff's clearly established rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution including the Due Process Clause and his right to a fair trial.

103. No reasonable officer could have believed that the aforesaid actions of Judith Moreno were lawful.

**COUNT V: ATTORNEYS FEES AND COSTS UNDER 42 U.S.C. § 1988**

104. Plaintiff repeats, reiterates, and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length.

105. The foregoing events constitute violations of Plaintiff's statutory and constitutional rights, thereby entitling him to attorneys fees, costs and disbursements as permitted by 42 U.S.C. § 1988.

WHEREFORE, Plaintiff demands that judgment be entered for Plaintiff against Defendants in an amount to be determined by the trier of fact for compensatory and punitive damages, plus attorney's fees, interest, costs and disbursements, along with whatever further relief the Court deems just and proper.

Dated: New York, N.Y.
April 26, 2024

Yours etc.,

LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C.

BY: _____
Michael H. Joseph, Esq. (MJ8838)
18 West 33rd Street, Suite 400
New York, N.Y. 10001
Tel: 212-858-0503
Email: Michael@newyorktriallawyers.org